

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIVE AMERICAN ARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 8756 |
| | ) | |
| MARIA V. JUCIUS d/b/a MIA'S WISH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff allegedly is involved in the distribution of authentic Indian jewelry, arts and crafts. It is apparently engaged also in a cottage industry of suing those it believes are distributing goods that falsely suggest they are Indian-produced, are Indian products or the product of a particular Indian or Indian tribe or Indian arts and crafts organization, pursuant to 25 U.S.C. §305e. The minimum statutory damages are considerable and adhere to the benefit of the prevailing plaintiff. Plaintiff has brought at least thirty actions. This is one of them.

Since a settlement effort failed, the parties have returned to discovery battles with defendant seeking to compel answers to interrogatory questions, and to reconvene the deposition of Matthew Mullen. Plaintiff contends discovery is closed. We know that discovery was supposed to be closed, but customarily a reference for a settlement conference keeps the window open and we will assume that to be so here. But what defendant wants is very wide-ranging – she wants to know all about the thirty-plus cases and a great deal about plaintiff's business and finances. This case is, however, about her sales, not someone else's, and we see no reason to get bogged down in other lawsuits. And, since plaintiff has made it clear it seeks statutory not

compensatory damages, there is no reason to delve into plaintiff's business other than to determine whether it falls within the definition of an Indian arts and crafts organization. Accordingly, plaintiff is directed to answer Interrogatories 1, 2, 3, 7, 11, 13 and 15 within fourteen days.

Defendant's motion to reconvene is granted, but with some caveats. We have read the transcript and we agree that the deposition was not concluded. It was, however, perhaps four times longer than it should have been. Plaintiff's attorney interposed himself far more than he should have, sometimes at considerable length. Defendant's attorney spent considerable time arguing with plaintiff's counsel, when rephrasing a question so it was clear and direct would have been far better. Both attorneys should keep those admonitions in mind, as well as the restrictions on interrogatories previously discussed.

The case is set for final close of discovery and a status hearing on June 1, 2005, at 9:15 a.m.

                                                                  JAMES B. MORAN
                                                               Senior Judge, U. S. District Court

April 19, 2005.